FILED
FEB 2 8 2022
Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PATRICIA L. KEELE,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CV 21-38-BU-JTJ<br><br>**MEMORANDUM AND ORDER** |

## INTRODUCTION

Plaintiff Patricia L. Keele (Keele) brought this action to obtain judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner), denying her application for disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.

## JURISDICTION

The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Keele resides in Anaconda, Montana. 29 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3). The parties have consented to have the undersigned conduct all

proceedings in this matter and enter judgment. (Doc. 13).

## BACKGROUND

Keele is 53 years old. (Doc. 15 at 31). Keele earned a GED in 1990. (Doc. 15 at 196). Keele has past work experience as a ballistic tech, as an assistant to disabled individuals, as a cashier, and as a hotel front desk clerk. (Doc. 15 at 47-51). Keele filed her application for disability and disability insurance benefits on June 25, 2018. (Doc. 15 at 19). Keele alleged that she became disabled on November 1, 2017. (Doc. 15 at 170). Keele alleged that she became disabled due to Chronic obstructive pulmonary disorder (COPD), post-traumatic stress disorder (PTSD), depression and anxiety. (Doc. 15 at 195).

An Administrative law judge (ALJ) conducted a hearing on Keele's application for social security benefits on April 16, 2020. (Doc. 15 at 38). The ALJ issued his decision on April 30, 2020. (Doc. 15 at 33). The ALJ found that Keele had the following severe impairments: COPD, PTSD, depression and anxiety. (Doc. 15 at 21). The ALJ determined that Keele was not disabled at any time between November 1, 2017, and the date of his decision. (Doc. 15 at 32). The ALJ determined that Keele was not disabled because Keele possessed the residual functional capacity to perform her past relevant work as a hand packager, and Keele also possessed the residual functional capacity (RFC) to perform jobs

that existed in significant numbers in the national economy such as: dining room attendant, store laborer, sandwich maker, mail clerk, collator operator, and routing clerk. (Doc. 15 at 31-32).

Keele requested that the Appeals Council review the ALJ's decision. The Appeals Council denied Keele's request for review. (Doc. 15 at 1-3). The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner. *Id.*

Keele filed the present appeal on April 22, 2021. (Doc. 2). The matter has been fully briefed. (Docs. 17, 18, 19). The Court is prepared to rule.

## STANDARD OF REVIEW

The Court's review in this matter is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

## **BURDEN OF PROOF**

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A),(B)).

The Social Security Administration regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. *Id.* The five steps of the inquiry are:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Does the claimant have an impairment that is severe or a combination of impairments that is severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

4

3. Do any of the claimant's impairments "meet or equal" one of the impairments described in the Listing of Impairments in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante*, 262 F.3d at 954. The claimant bears the burden of proof under steps one through four. *Id.* The Commissioner bears the burden of proof under step five. *Id.*

### A. ALJ's determination

The ALJ followed the 5-step evaluation process in evaluating Keele's claim. At step 1, the ALJ determined that Keele had not engaged in substantial gainful activity since November 1, 2017. (Doc. 15 at 21).

At step 2, the ALJ determined that Keele had the following severe impairments: COPD, PTSD, depression and anxiety. (Doc. 15 at 21).

At step 3, the ALJ found that Keele did not have an impairment, or combination of impairments, that met or equaled the severity of the listed impairments. (Doc. 15 at 22).

5

Before considering step 4, the ALJ determined Keele's RFC. The ALJ determined that Keele possessed the RFC to perform medium work subject to the following limitations: Keele can occasionally be exposed to extreme cold and pulmonary irritants such as fumes, odors, dust, and gases; Keele is limited to simple and routine tasks that require no more than occasional independent goal setting; and Keele can tolerate only occasional interaction with the public and coworkers. (Doc. 15 at 26).

At step 4, the ALJ determined that Keele was able to perform her past relevant work as a hand packager with Remington Arms. (Doc. 15 at 30).

At step 5, the ALJ determined that Keele possessed the RFC to perform jobs that existed in significant numbers in the national economy such as: dining room attendant, store laborer, sandwich maker, mail clerk, collator operator and routing clerk. (Doc. 15 at 32). Based on this finding, the ALJ determined that Keele was not disabled. *Id.*

## CONTENTIONS

### A.   Keele's Contentions

Keele argues that the Court should reverse the Commissioner's decision and remand the case for further proceedings. (Doc. 17 at 28). Keele argues that the Court should reverse the Commissioner's decision because the ALJ failed to

6

properly evaluate and credit the opinions of Christine Nicklay when he made his RFC determination. (Doc. 17 at 1).

## B. Commissioner's Contentions

The Commissioner argues that the Court should affirm the ALJ's decision because the ALJ's decision was based on substantial evidence and was free of legal error.

## DISCUSSION

### A. Christine Nicklay's Opinions

Christine Nicklay is a Licensed Clinical Social Worker. Ms. Nicklay works at the Western Montana Mental Health Center in Missoula, Montana. Ms. Nicklay provided mental health treatment to Keele during the 17-month period from August 9, 2018 through January 26, 2020. (Doc. 15 at 430-541, 546-570).

Ms. Nicklay assessed Keele's basic mental functioning on October 16, 2019. (Doc. 15 at 542-544). Ms. Nicklay filled-out a Medical Source Statement in connection with her assessment. *Id.* The Medical Source Statement was a check-box form. *Id.* Ms. Nicklay rated Keele's mental limitations in following four broad functional areas:

1. The ability to understand and remember;

2. The ability to concentrate;

7

    3.    The ability to interact with others; and

    4.    The ability to adapt.

(Doc. 15 at 542-544). Ms. Nicklay checked boxes indicating that Keele had "marked" limitations in her ability to understand and remember; that Keele had "marked to extreme" limitations in her ability to concentrate; that Keele had "moderate to extreme" limitations in her ability to tolerate social interaction; and that Keele had "extreme limitations" in her ability to tolerate stress and adapt to changes in the work setting.[1] *Id.*

Ms. Nicklay also assessed Keele's ability to complete an 8-hour work day and a 40-hour work week. Ms. Nicklay checked boxes on the Medical Source Statement indicating that Keele's mental impairments would cause Keele to be off-task 60% of the work day, and that Keele would be unable to complete a regular 40-hour work week, on a regular basis, without missing more than 2 work days per month. (Doc. 15 at 542). Ms. Nicklay explained that Keele would miss more than 2 work days per month because "loud noises, specific smells, [and] . . . unfamiliar people" cause Keele to "experience[] dissociative symptoms." (Doc. 15 at 542). The ALJ discounted Ms. Nicklay's opinions.

---

[1] The marked limitation designation meant that Keele's ability to function in the particular area was seriously limited. (Doc. 15 at 542). The extreme limitation designation meant that Keele's ability to function in the particular area was "precluded." *Id.*

Keele argues that the ALJ erred when he discounted Ms. Nicklay's opinions. Keele argues that the ALJ failed to evaluate Ms. Nicklay's opinions in accordance with the Social Security Administrations's new regulations.

Keele filed her application for social security benefits after March 27, 2017. (Doc. 15 at 170-172). The ALJ was therefore required to apply the new social security regulations when he evaluated Ms. Nicklay's medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c(a). The new regulations require an ALJ to consider and evaluate the persuasiveness of all medical opinions based on some or all of the following factors:

1. The supportability of the opinion;

2. The consistency of the opinion;

3. The medical source's relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of examinations);

4. The medical source's specialization;

5. The medical source's familiarity with other evidence in the record; and

6. The medical source's familiarity with the social security disability program requirements.

20 C.F.R. §§ 404.1520c(c).

9

Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(b)(2). An ALJ must therefore consider and discuss the supportability factor and the consistency factors in every case. *Id.* An ALJ is not required to discuss the other factors in every case. An ALJ is required to consider the other factors only if he is presented with two contradictory but equally persuasive medical opinions on the same issue. *Id.*

The supportability factor looks inward at the medical evidence presented by the medical source in support of his or her medical opinions. A medical opinion that is supported by significant relevant medical evidence is more persuasive. Conversely, a medical opinion that is not supported by relevant medical evidence is less persuasive. 20 C.F.R. § 404.1520c(c)(1).

The consistency factor, on the other hand, looks outward. The consistency factor compares the medical source's opinion to other medical and non-medical evidence in the record. A medical opinion that is consistent with the other medical and non-medical evidence in the record is more persuasive. 20 C.F.R. § 404.1520c(c)(2). A medical opinion that is not consistent with the other medical and non-medical evidence in the record is less persuasive. The ALJ must explain how he considered the supportability and consistency factors and he must support

his analysis with substantial evidence. *Machelle H. v. Kijakazi*, 2021 WL 4342313, at *7 (D. Idaho Sept. 22, 2021).

Here, the ALJ failed to properly address the supportabilty factor. The ALJ concluded that Ms. Nicklay's opinions were unsupported because they were "rendered on a pre-printed check [box] form." (Doc. 15 at 29). Opinions by a health care provider on a pre-printed form may be entitled to substantial weight if they are supported by the provider's treatment notes. See *Belinda K. v. Kijakazi*, 2022 WL 123257, *9 (D. Mont. Jan. 13, 2022); *Talbott v. Commissioner of Social Security Administration*, 2020 WL 1847084, *6 (D. Ariz. Apr. 13, 2020) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir. 2014). The record contains a significant number of treatment notes from Ms. Nicklay during that period from August 9, 2018 through January 26, 2020. (Doc. 15 at 430-541, 546-570). The ALJ failed to explain why Ms. Nicklay's opinions were inconsistent with her own treatment notes. The ALJ's failure to support his reasoning with substantial evidence was legal error. *Belinda K.*, 2022 WL 123257 at *8 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

The ALJ also failed to apply the consistency factor to all of Ms. Nicklay's opinions. As discussed above, Ms. Nicklay opined that Keele's impairments would cause her to be off-task 60% of an average work day, and to be absent from

11

work more than 2 days per month. (Doc. 15 at 542). The ALJ made no attempt to explain why these opinions were inconsistent with the other medical and non-medical evidence in the record. The ALJ rejected these opinions without citing any inconsistent evidence in the record. The ALJ's failure to support his reasoning with substantial evidence was legal error. *Belinda K.*, 2022 WL 123257 at *8. The ALJ's error was not harmless. The vocational expert testified that Keele would be unable to sustain employment if she was "off-task more than about 10% of the work day in addition to normal work breaks," or absent from work more than "one to two days per month on a regular basis." (Doc. 15 at 66).

## REMEDY

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Remand for an award of benefits is appropriate only where there are no outstanding issues that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the ALJ had properly considered all of the evidence in the record. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

Here, there are outstanding issues to be resolved. It is not clear whether Keele is disabled. Remand for further proceedings is appropriate. On remand, the

ALJ should consider and discuss whether Ms. Nicklay's opinions are supported by her treatment notes. The ALJ should also consider and discuss whether Ms. Nicklay's opinions are consistent with the other medical and non-medical evidence in the record.

Accordingly, IT IS HEREBY ORDERED:

1. The Commissioner's decision to deny Keele's claim for disability and disability insurance benefits is REVERSED and REMANDED for further proceedings consistent with the Memorandum and Order.

2. The Clerk is directed to enter judgment accordingly.

DATED this 28th day of February, 2022.

John Johnston
United States Magistrate Judge